T.C. Summary Opinion 2018-49


UNITED STATES TAX COURT


JODY ELDRED AND PAMELA ELDRED, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 12049-17S.                    Filed October 4, 2018.


Jody Eldred and Pamela Eldred, pro sese.

Michael K. Park, Sarah A. Herson, and Albert B. Brewster II, for

respondent.


SUMMARY OPINION

GUY, Special Trial Judge:  This case was heard pursuant to the provisions

of section 7463 of the Internal Revenue Code in effect when the petition was

filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by

any other court, and this opinion shall not be treated as precedent for any other

case.

Respondent determined that petitioners are liable for Federal income tax

deficiencies, an addition to tax, and accuracy-related penalties for the years and in

the amounts as follows:

| Year | Deficiency | Addition to tax sec. 6651(a)(1) | Penalty sec. 6662(a) |
|------|-----------|----------------------------------|----------------------|
| 2013 | $11,741 | $2,935 | $2,348 |
| 2014 | 7,174 | --- | 1,434 |
| 2015 | 17,002 | --- | 3,400 |

Petitioners, husband and wife, filed a timely petition for redetermination with the

Court pursuant to section 6213(a).  At the time the petition was filed, they resided

in California.

After concessions,[2] the issues remaining for decision are whether petitioners

are (1) entitled to deductions for various expenses reported on Schedule C, Profit

or Loss From Business, for the taxable years 2013, 2014, and 2015 (years in issue)

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code (Code), as amended and in effect for the taxable years 2013, 2014, and 2015, and all Rule references are to the Tax Court Rules of Practice and Procedure.  Monetary amounts are rounded to the nearest dollar.

[2]For clarity, the parties' concessions are set forth in the text below.

in excess of amounts respondent allowed, (2) liable for an addition to tax under section 6651(a)(1) for the taxable year 2013, and (3) liable for accuracy-related penalties under section 6662(a) for the years in issue.

## Background[3]

### I. Jody Eldred Productions

During the years in issue Mr. Eldred was the sole proprietor of Jody Eldred Productions. Mr. Eldred refers to himself as a "multi-hyphenate", explaining that he earns a living producing videos in various formats and that he performs multiple roles in the activity including writer, producer, director, editor, and cameraman.

### II. Petitioners' Tax Returns

Petitioners filed Forms 1040, U.S. Individual Income Tax Return, for the years in issue and attached to each return a Schedule C related to Mr. Eldred's video production activity. Petitioners reported Schedule C gross income and total expenses for the years in issue as follows:

| Year | Gross income | Total expenses |
|------|-------------|----------------|
| 2013 | $57,538 | $62,504 |
| 2014 | 43,392 | 48,371 |
| 2015 | 93,974 | 32,774 |

---

[3]Some of the facts have been stipulated.

Although petitioners' tax return for 2013 was due to be filed with the Internal Revenue Service (IRS) on October 15, 2014 (under a filing extension), it was not filed until July 25, 2015.

Petitioners' tax returns for the years in issue were prepared by Charles Payne, an accountant. Mr. Payne passed away after filing petitioners' tax returns for the years in issue (and before the trial).

III. The Parties' Concessions

For the taxable year 2013 respondent concedes that petitioners substantiated expenses of $786 attributable to the business use of their home[4] and $34,761 of the expenses that they reported on Schedule C. Schedule C expenses remaining in dispute comprise depreciation and section 179 expenses of $20,452, taxes and license expenses of $2,177, and research and development expenses of $5,754.

For the taxable year 2014 respondent concedes that petitioners are entitled to dependency exemption deductions and child tax credits for two grandchildren and that they substantiated $36,754 of the expenses that they reported on Schedule C. The parties agree that petitioners substantiated expenses related to the business use of their home and that the portions of their mortgage interest payments and

_____

[4]Respondent further concedes that petitioners are entitled to an increase of $1,311 in respect of the portion of their annual utility expenses for 2013 attributable to the business use of their home.

property taxes attributable to the business use of their home will be accounted for in computing the allowable deduction. Petitioners concede that they failed to substantiate Schedule C legal and professional services expenses of $3,734. Schedule C expenses remaining in dispute comprise depreciation and section 179 expenses of $7,504 and research and development expenses of $2,725.

For the taxable year 2015 respondent concedes that petitioners (1) substantiated expenses of $2,405 for the business use of their home and $27,264 of the expenses that they reported on Schedule C, (2) are entitled to dependency exemption deductions and child tax credits for two grandchildren, and (3) are entitled to itemized deductions for charitable contributions and an additional home mortgage interest expense of $5,037 and $978, respectively. Petitioners concede that they failed to report $7,500 of income for the taxable year 2015. Schedule C expenses remaining in dispute comprise miscellaneous expenses of $3,245 and research and development expenses of $3,175.

The parties agree that petitioners made charitable contributions of $30,300 in taxable year 2011, and that amount is eligible to be carried over to subsequent taxable years.[5]

---

[5]Other adjustments are computational and shall be accounted for in the parties' computations for entry of decision under Rule 155.

IV. <u>Petitioners' Records</u>

Petitioners provided the Court with a "tax summary report" for each of the years in issue and a copy of a retail installment sale contract for a Ford truck. The retail installment sale contract shows that Mr. Eldred purchased a used Ford truck on January 31, 2013, for $23,450 and paid sales tax of $2,117 in connection with that transaction.

## Discussion

As a general rule, the Commissioner's determination of a taxpayer's liability in a notice of deficiency is presumed correct, and the taxpayer bears the burden of proving that the determination is incorrect. Rule 142(a); <u>Welch v. Helvering</u>, 290 U.S. 111, 115 (1933).[6] Deductions and credits are a matter of legislative grace, and the taxpayer generally bears the burden of proving entitlement to any deduction or credit claimed. Rule 142(a); <u>INDOPCO, Inc. v. Commissioner</u>, 503 U.S. 79, 84 (1992); <u>New Colonial Ice Co. v. Helvering</u>, 292 U.S. 435, 440 (1934).

A taxpayer must substantiate deductions claimed by keeping and producing adequate records that enable the Commissioner to determine the taxpayer's correct tax liability. Sec. 6001; <u>Hradesky v. Commissioner</u>, 65 T.C. 87, 89-90 (1975),

---

[6]Petitioners do not contend, and the record does not suggest, that the burden of proof should shift to respondent pursuant to sec. 7491(a).

aff'd per curiam, 540 F.2d 821 (5th Cir. 1976); Meneguzzo v. Commissioner, 43 T.C. 824, 831-832 (1965). A taxpayer claiming a deduction on a Federal income tax return must demonstrate that the deduction is allowable pursuant to a statutory provision and must further substantiate that the expense to which the deduction relates has been paid or incurred. Sec. 6001; Hradesky v. Commissioner, 65 T.C. at 89-90.

Under section 162(a) a deduction is allowed for ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business. A deduction normally is not allowed, however, for personal, living, or family expenses. Sec. 262(a). Whether an expenditure satisfies the requirements for deductibility under section 162 is generally a question of fact. See Commissioner v. Heininger, 320 U.S. 467, 475 (1943).

When a taxpayer establishes that he or she paid or incurred a deductible expense but fails to establish the amount of the deduction, the Court normally may apply the Cohan rule to estimate the amount allowable as a deduction. Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930); Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985). There must be sufficient evidence in the record, however, to permit the Court to conclude that a deductible expense was paid or

incurred in at least the amount allowed. Williams v. United States, 245 F.2d 559, 560 (5th Cir. 1957).

As used in section 162 an "ordinary" expense is defined as one which is "normal, usual, or customary" in the taxpayer's trade or business, see Deputy v. du Pont, 308 U.S. 488, 494-495 (1940), and "necessary" has been defined as "appropriate and helpful", see Welch v. Helvering, 290 U.S. at 113.

Section 274(d) prescribes more stringent substantiation requirements to be met before a taxpayer may deduct certain categories of expenses, including expenses related to the use of listed property as defined in section 280F(d)(4). See Sanford v. Commissioner, 50 T.C. 823, 827 (1968), aff'd per curiam, 412 F.2d 201 (2d Cir. 1969). The term "listed property" includes passenger automobiles. Sec. 280F(d)(4)(A)(i).

To satisfy the requirements of section 274(d), a taxpayer generally must maintain adequate records or produce sufficient evidence corroborating his own statement establishing the amount, date, and business purpose for an expenditure or business use of listed property. Sec. 1.274-5T(b)(6), (c)(1), Temporary Income Tax Regs., 50 Fed. Reg. 46016-46017 (Nov. 6, 1985). Section 1.274-5T(c)(2), Temporary Income Tax Regs., 50 Fed. Reg. 46017-46018 (Nov. 6, 1985), provides in relevant part that "adequate records" generally consist of an account book, a

diary, a log, a statement of expense, trip sheets, or a similar record made at or near the time of the expenditure or use, along with supporting documentary evidence. Section 1.274-5(j)(2), Income Tax Regs., provides that the strict substantiation requirements of section 274(d) for vehicle expenses must be met even where the optional standard mileage rate is used. Moreover, the Court may not use the Cohan rule to estimate expenses covered by section 274(d). Sanford v. Commissioner, 50 T.C. at 827; sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985).

I. Schedule C Expenses

A. Vehicle Expenses for 2013 and 2014

Petitioners reported vehicle expenses of $11,155 and $8,807 on Schedules C for the taxable years 2013 and 2014, respectively. The vehicle expenses were computed using the optional standard mileage method. Respondent conceded that petitioners are entitled to deductions for these expenses.

Petitioners also claimed and respondent disallowed depreciation and section 179 expenses of $20,452 and $7,504 for the taxable years 2013 and 2014, respectively. Petitioners explained at trial that the depreciation and section 179 expenses are attributable to the vehicle that Mr. Eldred used for business purposes.

Taxpayers who deduct vehicle depreciation expenses may compute their deductions through use of a predetermined standard mileage rate in lieu of substantiating the actual amount of expenditures relating to the business use of listed property. See, e.g., Nash v. Commissioner, 60 T.C. 503, 520 (1973); see also sec. 1.274-5(j)(2), Income Tax Regs. The standard mileage method includes an allowance for all fixed and variable costs of a vehicle, including depreciation, maintenance and repairs, tires, gasoline, oil, insurance, and other fees. See Campana v. Commissioner, T.C. Memo. 1990-395; Rev. Proc. 2010-51, sec. 4.02, 2010-51 I.R.B. 883, 884-885. Under the standard mileage method a taxpayer deducts vehicle expenses in an amount equal to the predetermined rate set by the Commissioner each year multiplied by the number of business miles driven in the year.[7]

Although petitioners are entitled to deductions related to the business use of their vehicle, the parties have agreed to deductions for vehicle expenses for 2013 and 2014 computed under the standard mileage method, which includes an allowance for actual operating expenses and encompasses depreciation. Inasmuch

---

[7]The Commissioner generally updates the optional standard mileage rate annually. See sec. 1.274-5(j)(2), Income Tax Regs. Notice 2012-72, sec. 2, 2012-50 I.R.B. 673, 673, established the standard mileage rate of 56.5 cents per mile for taxable year 2013. Notice 2013-80, sec. 3, 2013-52 I.R.B. 821, 821, established the standard mileage rate of 56 cents per mile for taxable year 2014.

as the parties announced at trial and subsequently stipulated that petitioners are entitled to deductions for vehicle expenses using the standard mileage method, it follows that petitioners are not entitled to additional deductions for depreciation and section 179 expenses.

B.  Taxes and License Expenses

Petitioners claimed a deduction for taxes and license expenses of $2,117 for the taxable year 2013.  The record reflects that they paid sales tax of $2,117 in connection with the purchase of the Ford truck in January 2013.

Notably, on Schedule A, Itemized Deductions, petitioners claimed a deduction of $7,740 for State and local taxes including, in relevant part, general sales taxes of $2,423.  While petitioners were uncertain at trial about the source of the taxes and license expenses reported on Schedule C, they did not offer any evidence about the specific source of the deduction for general sales tax claimed on Schedule A (and not disallowed by respondent).  Without additional evidence regarding this item, an inference may fairly be drawn that petitioners claimed a deduction for the sales tax on the Ford truck on both Schedules A and C.  Under the circumstances the Court sustains respondent's determination disallowing a deduction for the taxes and license expenses claimed on Schedule C.

C. Research and Development Expenses

Petitioners reported research and development expenses of $5,754, $2,725, and $3,175 for the taxable years 2013, 2014, and 2015, respectively. Respondent disallowed deductions for these expenses on the ground that they do not constitute ordinary and necessary business expenses.

Upon review of petitioners' records at trial, Mr. Eldred acknowledged that he had erroneously included some personal expenses among the research and development expenses reported on Schedules C. Several other items that Mr. Eldred reported as research and development expenses appear to the Court to be attributable (at least in part) to personal, living, or family expenses under section 262(a). These items include, for example, movie tickets, monthly charges for video on demand services (i.e., Amazon, Hulu, Netflix), and martial arts pay-per-view charges. Considering all the circumstances, the Court concludes that a portion of these expenses was primarily for the personal benefit of petitioners and their immediate family, and any business purpose was distinctly secondary and incidental. See, e.g., Int'l Artists, Ltd. v. Commissioner, 55 T.C. 94, 104 (1970).

Mr. Eldred established through records and testimony that he paid some deductible research and development expenses during the years in issue. Because he failed to establish the precise amount of the deduction, the Court will estimate

that amount. See Cohan v. Commissioner, 39 F.2d at 543-544. On the record presented, the Court concludes that petitioners substantiated research and development expenses of $4,315, $2,044, and $2,381 for the taxable years 2013, 2014, and 2015, respectively.

D. Miscellaneous Expenses for 2015

Petitioners claimed a deduction for miscellaneous expenses of $4,125 for the taxable year 2015, and $3,245 of that amount remains in dispute. Petitioners explained at trial that the balance of the miscellaneous expenses was attributable to the cost of a computer and accessories that they purchased and placed in service in September 2015. Respondent conceded that petitioners had properly substantiated the expenditure.[8] Petitioners in turn acknowledged (as respondent maintained) that they had failed to make a proper election under section 179(c) to treat the item as a current expense. Under the circumstances petitioners were obliged to capitalize the expenditure and are not entitled to the benefits of a

---

[8]Sec. 280F(d)(4)(A) subjects computers to the special substantiation requirements of sec. 274 as "listed property".

current deduction under section 179.[9] See Jackson v. Commissioner, T.C. Memo. 2008-70, 2008 WL 731318, at *7.

## II. Addition to Tax

Respondent determined that petitioners are liable for an addition to tax under section 6651(a)(1) for the taxable year 2013. Section 6651(a)(1) imposes an addition to tax for failure to timely file a tax return unless it is shown that such failure is due to reasonable cause and not due to willful neglect. The addition to tax is equal to 5% of the amount of the tax required to be shown on the return if the failure to file is not for more than one month. Sec. 6651(a)(1). An additional 5% is imposed for each month or fraction thereof in which the failure to file continues, to a maximum of 25% of the tax. Id.

If a taxpayer exercised ordinary business care and prudence and was nonetheless unable to file the return within the date prescribed by law, then reasonable cause exists. Sec. 301.6651-1(c)(1), Proced. & Admin. Regs. "Willful neglect" means a "conscious, intentional failure or reckless indifference." United States v. Boyle, 469 U.S. 241, 245 (1985).

---

[9]Respondent acknowledged that petitioners were entitled to a first-year depreciation deduction in respect of the property in question. The parties shall compute the allowable amount of a depreciation deduction for the computer and accessories under Rule 155.

Petitioners do not dispute that their tax return for 2013 was not timely filed, and they did not present any evidence to establish reasonable cause. Consequently, we sustain respondent's determination that petitioners are liable for an addition to tax under section 6651(a)(1) for 2013.

## III.  Accuracy-Related Penalties

Section 6662(a) and (b)(1) and (2) imposes an accuracy-related penalty equal to 20% of the amount of any underpayment of tax that is due to the taxpayer's negligence or disregard of rules or regulations or to any substantial understatement of income tax.  The term "negligence" includes any failure to make a reasonable attempt to comply with the provisions of the Code, and the term "disregard" includes any careless, reckless, or intentional disregard of rules or regulations.  Sec. 6662(c).  A taxpayer is negligent if he "fails to make a reasonable attempt to ascertain the correctness of a deduction, credit or exclusion on a return which would seem to a reasonable and prudent person to be 'too good to be true' under the circumstances".  See sec. 1.6662-3(b)(1)(ii), Income Tax Regs.

With respect to a taxpayer's liability for any penalty, section 7491(c) places on the Commissioner the burden of production, thereby requiring the Commissioner to come forward with sufficient evidence indicating that it is

appropriate to impose the penalty.  <u>Higbee v. Commissioner</u>, 116 T.C. 438, 446-447 (2001).  Once the Commissioner meets his burden of production, the taxpayer must produce persuasive evidence that the Commissioner's determination is incorrect.  <u>Id.</u> at 447; <u>see</u> Rule 142(a); <u>Welch v. Helvering</u>, 290 U.S. at 115.

Respondent has met his burden of production.[10]  As discussed above, the Court has sustained respondent's determinations disallowing deductions for various expenses that petitioners reported for each year in issue.  Petitioners conceded some adjustments and acknowledged (without explanation) that they failed to report income for the taxable year 2015.

Petitioners did not offer a meaningful defense to the imposition of accuracy-related penalties in this case other than to assert that they relied on Mr. Payne to prepare their tax returns.  In the absence of any objective evidence that petitioners reasonably attempted to ascertain the correctness of the disallowed deductions or to comply with the provisions of the Code, we sustain respondent's determination that they are liable for accuracy-related penalties under section 6662(a).

---

[10]The record includes a civil penalty approval form executed by the IRS tax examiner's group manager approving the sec. 6662(a) penalties determined in the notice of deficiency.  <u>See</u> sec. 6751(b).

To reflect the foregoing,

Decision will be entered

under Rule 155.